# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | | |
|---|---|---|
| Christopher J. Mrzlak, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. _____ |
| Rent-A-Center East, Inc., A Delaware Corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

Defendant, Rent-A-Center East, Inc. ("Defendant"), hereby gives notice of removal of the civil action, *Christopher J. Mrzlak v. Rent-A-Center East, Inc.*, Case No. 01311LACV110186 (the "State Court Action"), from the Iowa District Court in and for Dubuque County to the United States District Court for the Northern District of Iowa, Eastern Division.

Defendant files this Notice of Removal (the "Notice") pursuant to 28 U.S.C. §§ 1441 and 1446(a). The United States District Court has jurisdiction over this case based on diversity of citizenship, under 28 U.S.C. § 1332(a)(1).

As grounds for removal of this action, Defendant states as follows:

1. Plaintiff filed the State Court Action on December 6, 2019. A true and correct copy of the Petition and Jury Demand is attached hereto as Exhibit A.

2. Also on December 6, 2019, Plaintiff filed the Original Notice to Defendant. A true and correct copy of the Original Notice is attached hereto as Exhibit B.

3. Defendant was served with a copy of the Original Notice and Petition on December 20, 2019. A true and correct copy of the affidavit of service is attached hereto as

Exhibit C.

4.     On January 10, 2020, Defendant filed its Answer and Affirmative Defenses to the Petition.  A true and correct copy of the Answer is attached hereto as Exhibit D.

5.     On January 13, 2020, the State Court entered an Order setting the State Court Action for a trial scheduling conference on February 25, 2020.  A true and correct copy of the Order is attached as Exhibit E.

6.     On January 17, 2020, Attorney Ethan Olson filed an appearance in the State Court Action on behalf of Defendant.  A true and correct copy of Attorney Olson's appearance is attached as Exhibit F.  Defendant shall supplement this Notice with a copy duly accepted and file stamped by the State Court upon its receipt.

7.     Defendant has not been served with any other process, pleadings, or orders.

8.     This Notice is timely, as it is filed within thirty (30) days of the date on which Defendant was served with Plaintiff's Petition. *See* 28 U.S.C. § 1446(b).

9.     The United States District Court has original jurisdiction over this action under 28 U.S.C. § 1332, because Plaintiff is diverse from the citizenship of Defendant, and the amount in controversy exceeds the sum or value of $75,000.00.

10.     Plaintiff Christopher Mrzlak alleges that he is a resident of Jo Daviess County, Illinois. *See* Exhibit A [Pet. at ¶ 1].

11.     Defendant is a corporation that is incorporated in Delaware, with a store located at 1660 John F. Kennedy Road, Dubuque, Iowa. *See* Declaration of Marc Tuckey ("Tuckey Decl."), attached hereto as Exhibit G, at ¶ 2.

12.     The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, computed on the following basis:

a.       Plaintiff admits that his claim is "in excess of the small claims jurisdiction amount."   Exhibit A [Pet. at ¶ 19].

b.       Plaintiff alleges that "[a]s a proximate cause of the retaliatory actions by Defendant the Plaintiff Christopher J. Mrzlak has suffered lost wages, loss of benefits, loss of future earnings, emotional distress, mental anguish, humiliation, embarrassment all to Plaintiff's detriment. Exhibit A [Pet. at ¶ 17]. Plaintiff seeks, among other things, "lost wages, loss of benefits, loss of future earnings, emotional distress, mental anguish, humiliation, compensatory relief, reasonable attorney fees, punitive damages and court costs with interest."  Exhibit A [Pet. at p. 3].

c. In one year, 2017, Defendant paid $54,851.07 to Plaintiff, plus additional benefits. Exhibit G [Tuckey Decl. at ¶ 4]. Plaintiff has not specified any limit to the amount of back pay or other damages that he seeks.  Assuming that Plaintiff seeks back pay through a trial date that is likely to be set for a date 18 months or later from the filing of his Petition (i.e. June 2021), then should he prevail, a reasonable estimate of Plaintiffs' pure economic losses (i.e. back pay, front pay, loss of benefits) alone would exceed the sum or value of $75,000.00. *See Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347–48 (1977) (court must consider all recoverable damages, including compensatory damages and attorneys' fees to determine whether amount in controversy meets jurisdictional threshold.)

d. The amount of damages are calculated by determining whether a plaintiff's verdict might reasonably and legally exceed $75,000.00. *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011) ("Generally, the 'relevant period' [for back-pay] runs from the date of termination until the date of reinstatement or judgment."); *Walker v. Lanoga Corp.*, No. 06-0148CV-WFJG, 2006 WL 1594451, at *2 (W.D. Mo. June 9, 2006) (defendant established the

amount in controversy would exceed the jurisdictional minimum when the back pay damages were $35,000.00 "as of the date of removal" and could then be combined with the other alleged damages including front pay and emotional damages); *see also Salazar v. Tyson Foods, Inc.*, 985 F. Supp. 2d 996 (S.D. Iowa 2013) (plaintiff brought one claim for wrongful termination for retaliation based upon having filed a worker's compensation claim; plaintiff earned approximately $33,000 per year; court held amount in controversy was over $75,000.00) According to a reasonable reading of the Complaint and a preponderance of the evidence, the amount in controversy, exceeds the jurisdictional minimum of $75,000.00. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

13.     Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 94 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants").

14.     This Notice of Removal will be filed with the Iowa District Court in and for Dubuque County.

15.     This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, in accordance with 28 U.S.C. § 1446(a).

16.     By filing this Notice, Defendant does not waive any defenses to Plaintiff's Petition.

WHEREFORE, Defendant removes this action in its entirety from the State Court of Iowa, Dubuque County, to the United States District Court for the Northern District of Iowa, and

requests that this Court take any and all further action as is just or appropriate.

RESPECTFULLY SUBMITTED this 17th day of January, 2020.

 /s/ Ethan S. Olson
Ethan S. Olson
Nyemaster Goode, P.C.
625 First Street SE
Cedar Rapids, IA 52401
T: (319) 286-7000
F: (319) 286-7050
eolson@nyemaster.com

Frank Boyd Harty
Nyemaster Goode, P.C.
700 Walnut, Suite 1600
Des Moines, IA 50309
T: (515) 283-3170
F: (515) 283-8045
fharty@nyemaster.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2020, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification to the following ECF system participants.

Emilie Roth Richardson
Roth Law Office, P.C.
1400 University Ave., Ste. D
Dubuque, IA 52001
Email: eroth@rothlawdbq.com
*Attorney for Plaintiff*


/s/ Shannon Greenman